**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALPHONSO BOUTIRE,

    *Plaintiff*,

v.

LAKREESE R. JOHNSON, and
GERALD MITCHELL, Nurse,

    *Defendants*.
                          /

CASE NO. 12-CV-14611

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT MITCHELL'S MOTION FOR SUMMARY JUDGMENT AND
DEFENDANT JOHNSON'S MOTION TO DISMISS**
(Docs. 15, 29)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions be **GRANTED** and that the case be dismissed.

### II.    REPORT

#### A.    Introduction

Plaintiff Alphonso Boutire, a state prisoner, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983, alleging that his Eighth Amendment right to not have his medical needs treated with deliberate indifference was violated while he was incarcerated by the Michigan Department of Corrections ("MDOC") at the Charles E. Egeler Reception and Guidance Center ("RGC").

Plaintiff was paroled on November 14, 2012.[1] Defendant Mitchell is a nurse and Defendant Johnson is a Physician's Assistant.

The facts are largely uncontested and the facts alleged in Plaintiff's complaint are, for purposes of this motion, taken as true. Therefore, the motion to dismiss standards will be employed in deciding both motions.[2]

Defendants both acknowledge that "[w]hat began as a small rash, developed into a serious medical condition." (Doc. 15 at 4; Doc. 29 at 6.) On February 15, 2012, Plaintiff sought treatment for a "small open rash on his abdominal area" and was "seen by Gerald Mitchell, Nurse on duty who administered [hydrocortisone] cream and applied a dressing[.]" (Doc. 1 at 2; Doc. 15 at 5; Doc. 29 at 6.) On February 20, 2012, because Plaintiff's rash was not improving and was instead was leaking "yellow serous fluid," Defendant Johnson ordered an aerobic culture. (*Id.*)

On February 21, 2012, Plaintiff "again requested medical treatment and was seen by Lakreese R. Johnson, PA who observed the fluids excessively coming from the plaintiff" and Plaintiff told her that the condition became worse after Defendant Mitchell put "this cream on it[.]" (Doc. 1 at 2.) Although Plaintiff indicates that Defendant Johnson "called nurse Mitchell and applied something called Silver Nitrate[,]" Defendant Mitchell notes that he did not work that day and could not have done so. (Doc. 1 at 2; Doc. 15 at 5.) Plaintiff and Defendant Johnson concur that the results of the aerobic culture test were not yet available and Defendant Johnson indicates that a nurse (not Defendant Mitchell) was called in to change the dressing on Plaintiff's abdomen.

---

[1]The fact that Plaintiff is no longer incarcerated does not bar relief under § 1983 for monetary damages but would bar any claims for injunctive or declaratory relief. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510 (6th Cir. 2001).

[2]Consequently, the issues of qualified immunity and exhaustion need not be addressed.

2

(Doc. 29 at 7.) The dressing to be applied was an "Aquacel dressing [that] is designed and marketed for wound treatment, including 'moderate to highly exuding wounds.'" (Doc. 29 at 7.) Both Defendant Johnson and Plaintiff state that Plaintiff was expressly concerned whether he could have an allergic reaction to the Aquacel dressing and that Defendant Johnson assured him that he should not worry since the Aquacel dressing serves only to pull out the infection. (Doc. 1 at 3; Doc. 29 at 7.) Defendant Johnson notes that "'Aquacel dressing does not indicate in the flyer to pre-test, and [the] prisoner did not have that listed as an allergy.'" (Doc. 29 at 7)(citation omitted).

By February 22, 2012, Plaintiff was vomiting, feeling light headed and was sweating heavily. (Doc. 1 at 3; Doc. 29 at 7.) Plaintiff was given a medical "lay in" and was returned to his cell. (*Id.*) On February 23, 2012, Plaintiff continued to complain of excessive drainage, his dressings were changed, the Aquacel was removed and was not reapplied, and Plaintiff was referred to Duane Walters Hospital ("DWH") for further treatment. (Doc. 1 at 3; Doc. 29 at 8.) Plaintiff was sent to DWH the next day, i.e., February 24, 2012. (*Id.*) From February 24, 2012 through March 1, 2012, Plaintiff was evaluated by the infectious disease specialists, treated with intravenous antibiotics for his severe infection, severe allergic reaction, and severe burn caused by the medications. (Doc. 1 at 4; Doc. 29 at 8.)

Plaintiff's health continued to decline and he alleges continued improper treatment occurring at DHW and by others who are not named in the instant case. (Doc. 1 at 5-7.)

U.S. District Judge Patrick J. Duggan entered an order referring all pretrial matters to the undersigned magistrate judge. (Doc. 17.) On January 4, 2013, Defendant Mitchell filed the instant motion for summary judgment, contending that Plaintiff has not fully exhausted his administrative

remedies and that Defendant Mitchell is entitled to qualified immunity. (Doc. 15.) Plaintiff filed a motion for an extension of time in which to file a response and the court granted his request, allowing him to file a response by March 4, 2013. (Docs. 20, 21.) To date, no response has been filed.

After resolving service of precess issues, Defendant Johnson was served, filed an answer to the complaint on April 9, 2013 (Doc. 27) and filed the instant motion to dismiss on May 2, 2013. (Doc. 29.) The Court field a Notice Requesting Response to the motion to dismiss on May 14, 2013, giving Plaintiff until June 3, 2013 to file a response. (Doc. 30.) To date, no response has been filed.

Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motions are ready for report and recommendation without oral argument.

### B.     Motion Standards[3]

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules

---

[3]Although Defendant Mitchell filed a motion for summary judgment (Doc. 15), I suggest that the Plaintiff's complaint fails to state a claim upon which relief can be granted; thus, no evidence outside the complaint will be examined and the summary judgment standards will not need to be employed.

of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### C. Analysis and Conclusions

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the U.S. Constitution. The Court explained that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

A violation of the Eighth Amendment can be "manifested by prison doctors and their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104. The inquiry is two-pronged, consisting of both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective inquiry asks whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298.

As the Supreme Court recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

In this case, Plaintiff allegations are that the medical care provided by Defendants Mitchell and Johnson was "inadequate" "by causing a serious health condition, by improperly administering medication[,]" i.e., "improperly administering...HYDROCORTISONE TO AN OPEN WO[UND] causing severe body infection" and by "administering AQUACEL DRESSING WHICH SPECIFICALLY caused burn, scar[r]ing on plaintiff body[.]" (Doc. 1 at 8-9.) I assume, for purposes of this motion, that Plaintiff's condition was a serious medical need. The only question then is whether Plaintiff has alleged sufficient facts to establish the subjective component of his claim, i.e., that Defendants acted with deliberate indifference.

I first note that the claim is unusual since deliberate indifference "generally involves the *failure* to provide medical care" not the providing of medical care. *Kramer v. Wilkinson*, 302 F. App'x 396, 400-01 (6th Cir. 2008) (emphasis in original). Here, however, Plaintiff received plenty of medial care, the problem is that the medical care he received not only failed to cure his condition but actually caused additional problems, i.e., an infection and an allergic reaction.

In cases where, as here, an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the staff, the inmate has failed to state a claim under the Eighth Amendment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs.*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of the plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed); *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("[T]he record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

The allegations in Plaintiff's complaint may very well state a cause of action for medical malpractice, which could be raised in state court, but I suggest that they do not rise to the level of deliberate indifference needed to establish an Eighth Amendment claim. I note that there is no allegation that Defendants were attempting to do anything but help Plaintiff nor has Plaintiff alleged any delay in providing treatment. I further note that there is no allegation that Defendants

7

were aware that the hydrocortisone cream or Aquacel bandages were likely to cause any injury. Here, Plaintiff alleges only that Defendants made mistakes while promptly treating him that, unfortunately, caused additional injury. I therefore suggest that Plaintiff cannot satisfy the subjective component because he has not even alleged that Defendants had a sufficiently culpable state of mind. *Farmer, supra*.

I therefore suggest that Plaintiff's allegations do not state a claim of deliberate indifference under the Eighth Amendment. *See Sanders v. York*, 446 F. App'x 40, 42 (9th Cir. 2011)(no deliberate indifference alleged where plaintiff alleged that doctor's decision not to provide new dressings caused him to get an infection); *Williams v. Nelson*, No.1:09-0697, 2012 WL 3744759, at *13 (S.D. W.A. June 6, 2012)(recommending dismissal of deliberate indifference claim for failure to allege subjective component where cream applied to the plaintiff's rash caused an allergic reaction)[4]; and *Thomas v. Puachita Correctional Center*, No. 11-1300, 2012 WL 2131802, at *6 (W.D. La. Apr. 19, 2012)(no deliberate indifference stated where complaint alleged defendants erroneously treated him with cream for a rash which was actually a staph infection that should have been treated with antibiotics). Accordingly, I suggest that Plaintiff has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

For all the reasons stated above, I recommend that Defendants' motions for summary judgment and to dismiss be granted and therefore that the entire case be dismissed.

### III. REVIEW

---

[4]This recommendation was adopted by the district court. *Williams v. Nelson*, No. 1:09-067, 2012 WL 3744756, at *1 (Aug. 28, 2012).

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                             s/ Charles E Binder
                                            CHARLES E. BINDER
Dated: June 27, 2013                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal System: Alphonso Boutire , 450 N. Cooper Apt. C2, Jackson, MI 49201.

Date:  June 27, 2013                  By     s/Patricia T. Morris
                                                  Law Clerk to Magistrate Judge Binder